## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**TERRY AND DIANE KRISS**, )
individually as husband and wife, )
)
        Plaintiffs, )
)
    vs. )       2:11cv57
)       **Electronic Filing**
**FAYETTE COUNTY**, a municipality; )
**THE FAYETTE COUNTY AIRPORT** )
**AUTHORITY**, a municipal unit; )
**VINCENT VICITES**, individually and in )
his official capacity as Commissioner for )
Fayette County; **VINCENT ZAPOTOSKY**, )
individually and in his official capacity as )
Commissioner for Fayette County; )
**SARA ROSIEK**, individually and in her )
official capacity as Director of the Office of )
Planning, Zoning, and Community )
Development; and **TERRY** )
**SHALLENBERGER**, individually and in )
his official capacity as the Fayette County )
Airport Authority Board Chairman, )
)
        Defendants )

## <u>MEMORANDUM ORDER</u>

On January 26, 2011, this case was referred to United States Magistrate Judge Cathy

Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.

§§ 636(b)(l)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On June 17, 2011, the magistrate judge issued a Report (Doc. 44) recommending

that Defendants Fayette County, Sara Rosiek, Vincent Vicites, and Vincent Zapotosky's Motion

to Dismiss (Doc. 24) be granted, that Defendant Terry Shallenberger's Motion to Dismiss (Doc.

26) be granted, and that Defendant Fayette County Airport Authority's Motion to Dismiss (Doc.

28) be granted.

Because amendment of time-barred claims would be futile, the magistrate judge recommended that plaintiffs' claims should be dismissed with prejudice to the extent they are based on alleged unconstitutional conduct prior to January 18, 2009. The magistrate judge further recommended that plaintiffs' substantive due process claim should be dismissed with prejudice because it is not based upon a protected property interest and amendment therefore would be futile. The magistrate judge recommended that plaintiffs' other claims should be dismissed without prejudice.

Service of the Report and Recommendation was made on the parties, and plaintiffs filed objections (Doc. 45) on July 1, 2011. Defendant Fayette County Airport Authority filed a response (Doc. 47) to plaintiffs' objections on July 20, 2011, and defendant Terry Shallenberger filed a response (Doc. 48) on July 22, 2011. Defendants Fayette County, Sara Rosiek, Vincent Vicites, and Vincent Zapotosky did not file a response.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

AND NOW, on this 24th day of October, 2011, IT IS ORDERED that [24] Defendants Fayette County, Sara Rosiek, Vincent Vicites, and Vincent Zapotosky's Motion to Dismiss is **GRANTED**, [26] Defendant Terry Shallenberger's Motion to Dismiss is **GRANTED**, and [28] Defendant Fayette County Airport Authority's Motion to Dismiss is **GRANTED**. Plaintiffs' substantive due process claim (Count 1) is **DISMISSED WITH PREJUDICE**. To the extent plaintiffs' First Amendment retaliation claims (Count 2) are based upon alleged unconstitutional conduct prior to January 18, 2009, they are **DISMISSED WITH PREJUDICE**. Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that plaintiffs are granted leave to file an Amended Complaint on or before **November 14, 2011**. Failure to file an Amended Complaint will result in the Court's dismissal of this case. This ruling is without prejudice to the appropriate defendant(s) raising any applicable defense or ground for dismissal in a responsive pleading.

IT IS FURTHER ORDERED that [44] the Report and Recommendation of Magistrate Judge Bissoon dated June 17, 2011, as augmented herein is adopted as the Opinion of the Court.

Plaintiffs' objections are misplaced and unavailing. First, plaintiffs' attempt to distinguish Cowell is wide of the mark. Each zoning action was directed at distinct parcels and produced an immediate and palpable legal effect. The potential for a zoning decision to produce an amorphous and intangible effect on an adjacent parcel of land is inherent in all such decisions and such an effect cannot be used to show anything more than "a general interference with property rights." Furthermore, the cobbling together of such effects over a period of years does not make the whole more than the sum of its parts or otherwise suffice to satisfy the first and second requirements of the continuing violation theory. Compare Cowell v. Palmer Tp., 263 F.3d 286, 294-95 (3d Cir. 2001) (The continuing violation doctrine is equitable in nature and is not a vehicle for relieving a party from the prior failure to pursue legal redress for palpable and cognizable injury.).

Second, a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person. The fact that one may or may not recognize the injury as constituting a particular cause of action is immaterial. See, e.g., Thomas v. Pennsylvania Board of Probation & Parole, 2011 WL 2491365, *17 (W.D. Pa. May 17, 2011) ("A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. See Delaware State College v. Ricks,

449 U.S. 250, 258 . . . (1980) (it is the wrongful act that triggers the start of the limitations period); <u>Keystone Ins. Co. v. Houghton</u>, 863 F.2d 1125, 1127 (3d Cir.1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong)."). Thus, plaintiffs' cause of action for a substantive due process violation was not tolled "until the [encapsulating moment when the] pattern of oppression and harassment became most clear []." Plaintiffs' Brief in Support of Objections (Doc. No. 46) at 5-6.

Third, plaintiffs misunderstand the property interests falling within the protections afforded to one's use and enjoyment of real property. Their desire to be free from personal anguish and/or their personal aesthetic preferences about how adjacent land should or should not be used are not protected or enforceable use and enjoyment interests. <u>See</u> <u>Karpiak v. Russo</u>, 576 A.2d 270, 272 (Pa. Super. 1996) (annoying and inconvenient use of adjacent property for landscaping business which generated noise and dust failed to satisfy the requirement under Restatement (Second) of Torts § 822 that an invasion be "seriously annoying or intolerable" in order to constitute unlawful invasion of plaintiff's use and enjoyment of real estate); Restatement of Torts § 822, Comment e ("Freedom from discomfort and annoyance while using land is often as important to a person as freedom from physical interruption with his use or freedom from detrimental change in the physical condition of the land itself. This interest in freedom from annoyance and discomfort in the use of land is to be distinguished from the interest in freedom from emotional distress (see § 46, vol. I). The latter is purely an interest of personality and receives very limited legal protection, whereas the former is essentially an interest in the usability of land and, although it involves an element of personal tastes and sensibilities, it receives much greater legal protection.").

4

Fourth, mere identification of campaign contributions to winning candidates for county commissioner does not set forth a factual showing of entitlement to relief based on corruption and self-dealing. Merely asserting a causal link between such contributions and subsequent local zoning action is insufficient to establish an ability to show personal gain or advantage. Something more is required. As the magistrate judge noted, this alleged conduct consists of nothing more than "the politics and animosities that often animate local decision-making."

Similarly, the advanced allegations concerning the failure to investigate plaintiffs' most recently filed zoning complaint create at best a speculative hunch that retaliation may be at the base of the inaction. Such conjecture does not push the claim beyond the realm of mere possibility. See Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Id.

Sixth, plaintiffs' allegations concerning defendant Shallenberger are based on little more than certain individuals' appearance at a public meeting that occurred well before the event in question and the Board's subsequent decision to maintain the status quo. While plaintiffs are not expected to unveil the clandestine inner workings of local politics without discovery, they must set forth a valid basis for pursuing a timely brought cause of action. Id. (The allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face."). This they have failed to do. And the proposition that Shallenberger somehow tainted

the other member's votes with discriminatory animus is under the current allegations nothing

more than an *ignoratio elenchi*.


                                        <u>s/ David Stewart Cercone</u>
                                        David Stewart Cercone
                                        United States District Judge


cc:     Adam R. Gorzelsky, Esquire
        Marie Milie Jones, Esquire
        Avrum Levicoff, Esquire
        Charles S. Saul, Esquire
        Kyle T. McGee, esquire
        Edward I. Levicoff, Esquire
        William H. Difenderfer, Esquire
        James H. Love, Esquire

        (*Via CM/ECF Electronic Mail*)